UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-CV-230-SPM |
| | ) | |
| EQUITY BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Plaintiff CitiMortgage, Inc.'s ("CMI's") Motion to Exclude Purported Expert Testimony of Randall Nay (Doc. 120) and Defendant Equity Bank, N.A.'s ("Equity's") Motion to Exclude Expert Testimony of Sean Kellmurray (Doc. 112). The motions are fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 23).

### I. FACTUAL BACKGROUND

On January 31, 2006, CMI and Equity entered into a contract entitled "Correspondent Agreement Form 200" (the "Agreement"), pursuant to which Equity sold numerous residential mortgage loans to CMI. Under Section 11 of the Agreement, if CMI determined that any loan sold by Equity had certain defects, CMI was permitted to demand that Equity repurchase the loan from CMI (after giving Equity notice and an opportunity to cure or correct the defect). CMI determined that twelve particular loans that it had purchased from Equity (the "Loans") were defective, CMI demanded that Equity repurchase those loans, and Equity did not. CMI then brought the instant breach of contract action against Equity.

1

Among the parties' disputes in this litigation are (1) whether CMI's claims were time-barred because CMI's damages from being sold defective loans were ascertainable more than five years before the lawsuit was filed, and (2) whether CMI's breach of contract claims fail because CMI failed to demand repurchase of the allegedly defective loans with a reasonable time. Equity has identified Randall Nay as an expert to testify about these issues, and CMI has identified as an expert Sean Kellmurray. Each party now moves to exclude the opinions of the other's expert.

Each party has moved for summary judgment. On August 18, 2017, the Court entered a Memorandum and Order granting in part and denying in part each party's motion for summary judgment.

## II. LEGAL STANDARD

The admissibility of expert testimony in federal court is governed by Rule 702 of the Federal Rules of Evidence. Rule 702 states, "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." This rule imposes a "gatekeeping" responsibility on the district court, in which the court must ensure that expert testimony is both relevant and reliable. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147-48 (1999) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993)). "The proponent of the expert testimony bears the burden to prove its admissibility." *Menz v. New Holland N. Am., Inc.*, 507 F.3d 1107, 1114 (8th Cir. 2007). "Decisions concerning the admission of expert

testimony lie within the broad discretion of the trial court." *Anderson v. Raymond Corp.*, 340 F.3d 520, 523 (8th Cir. 2003) (quotation marks omitted).

## III. DISCUSSION

### A. CMI's Motion to Exclude Equity's Expert, Mr. Randall Nay

Equity seeks to use the expert opinions of Mr. Randall Nay to support two of its arguments in this case: (1) that CMI's claims were time-barred because CMI's damages from being sold defective loans were ascertainable more than five years before the lawsuit was filed, and (2) that CMI failed to demand repurchase of the allegedly defective loans with a reasonable time. To support Equity's positions, Mr. Nay offers his opinions regarding when CMI suffered economic damages from the purchase of the allegedly defective loans; regarding when CMI would have been put on notice of the damages in light of CMI's own procedures, industry standard loan portfolio procedures, information CMI learned during the course of servicing each loan, and/or general market conditions affecting residential mortgages; and regarding whether CMI demanded repurchase of the loans within a reasonable time under the circumstances. CMI argues that Mr. Nay's opinions should be excluded because they are irrelevant; because they are not based on relevant expertise, experience, or reliable methodology; and because they are impermissible legal opinions.

The Court finds that Mr. Nay's opinions are inadmissible because they are irrelevant. As described in the Court's Memorandum and Order regarding summary judgment, the Court has found that CMI's cause of action in this case accrued when Equity breached Section 11 by failing to repurchase the Loans, not when CMI's damages from the purchase of allegedly defective loans became ascertainable. Additionally, the Court has found that the Agreement did not require CMI to repurchase within a "reasonable time" after learning of the alleged loan defects. Thus, Mr. Nay's

opinions regarding when CMI knew or should have known about its damages from purchasing defective loans, and what would have been a reasonable time frame for demanding repurchase of the loans, are not relevant to any issues in this case. The Court need not address CMI's other arguments for excluding this testimony.

### B. Equity's Motion to Exclude Plaintiff's Expert, Mr. Sean Kellmurray

CMI seeks to offer the expert opinion of Mr. Sean Kellmurray. In its Rule 26(a)(2) expert disclosure, CMI stated that Mr. Kellmurray "is expected to testify that the [Agreement] executed by Equity Bank purposefully does not limit the time within which repurchase demands can be made." (Doc. 114-5). Mr. Kellmurray did not supply a written report. Equity argues that Mr. Kellmurray's opinions should be excluded because they are legal opinions, because Mr. Kellmurray is unqualified to give an opinion about the legal interpretation of the Agreement, and because Mr. Kellmurray does not qualify as a rebuttal expert under Federal Rule of Civil Procedure 26.[1]

The Court finds Mr. Kellmurray's opinions inadmissible for two reasons. First, in light of the Court's holding on summary judgment that the contract contains no reasonable time requirement for making repurchase demands, Mr. Kellmurray's opinions are irrelevant.[2] Second, to the extent that Mr. Kellmurray is attempting to offer his opinion regarding the meaning of the terms of the Agreement, his opinions are inadmissible because they are legal opinions. *See S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003) ("Expert

---

[1] Mr. Kellmurray was disclosed after CMI's deadline for disclosure of experts for its case-in-chief, but before CMI's deadline for disclosure of rebuttal experts.

[2] The Court reached this conclusion without any consideration of Mr. Kellmurray's opinions. The Court essentially agrees with CMI's argument in its opposition to Equity's motion that "expert testimony is not necessary to resolve this case" because the issues can be resolved through examination of the relevant law and the language of the Agreement itself. (Doc. 173, CMI's Opp'n to Equity Bank's Motion to Exclude Expert Testimony of Sean Kellmurray, at p. 1).

testimony on legal matters is not admissible."); *CitiMortgage, Inc. v. Just Mortg., Inc.*, No. 4:09-CV-1909-DDN, 2012 WL 1060122, at *2-*3 (E.D. Mo. Mar. 29, 2012) (same; excluding expert opinion that a that contract was ambiguous and contradictory and that a party could not reasonably be bound to its terms). "Unless a contract is deemed ambiguous or there is a term of the contract that requires an expert's explanation, it is improper for an expert to interpret or construe a contract in his opinion." *Id.* (quoting *Wells Fargo Bank N.A. v. LaSalle Bank Nat'l Ass'n*, No. 2:08-CV-1448-JCM-RJJ, 2011 WL 743748, at *3 (D. Nev. Feb. 23, 2011)). As discussed in the Court's Memorandum and Order regarding summary judgment, there is no ambiguity in the Agreement here, nor is there any term here that requires Mr. Kellmurray's explanation. Thus, Mr. Kellmurray's opinions will be excluded.

**IV.    CONCLUSION**

For the above reasons, the opinions of both Randall Nay and Sean Kellmurray are irrelevant and admissible. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff CitiMortgage, Inc.'s ("CMI's") Motion to Exclude Purported Expert Testimony of Randall Nay (Doc. 120) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Equity Bank, N.A.'s Motion to Exclude Expert Testimony of Sean Kellmurray (Doc. 112) is **GRANTED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of August, 2017.